UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WEAVER,

Plaintiff,

v.

SOLANO COUNTY, et al.,

Defendants.

2:25-cv-2676-CKD P

ORDER

Plaintiff John Weaver filed this case while in jail seeking relief under 42 U.S.C. § 1983. Plaintiff proceeds without counsel and requests to proceed in forma pauperis. This matter is referred to the undersigned by operation of Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint fails to state a claim and must be dismissed. Plaintiff will have a chance to amend.

**I.      In Forma Pauperis**

Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted.

**II.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

### III.    Allegations in the Complaint

Plaintiff was a pretrial detainee in the Solano County Jail (SCJC) and was transferred directly from intake to North Bay Hospital on April 15, 2025, for treatment of multiple medical conditions including being a gunshot victim and having sleep apnea. (ECF No. 1 at 3.) When plaintiff arrived back to SCJC, plaintiff was told his medications, Lorazapam and Oxycodone, were not allowed per SCJC policy. (Id.) Dr. Wong stated plaintiff either gets what is on the approved list of medications or nothing. (Id. at 4.) While at SCJC, plaintiff was denied physical therapy for five months, during which time most of his injuries worsened. (Id. at 5.) Plaintiff spoke to Dr. Nagar about not having the proper mental health medication, and Dr. Nagar stated "there was nothing he could do about it." (Id.) Eventually Dr. Nagar "had no choice but to make an exception to the discriminatory policies regarding Oxycodone[.]" (Id. at 6.) Dr. Nager did "nothing but escalate [plaintiff's] medical condition, insomnia, numbness and nerve pain… by ignoring [plaintiff's] pain causing these additional issues." (Id. at 6.)

Plaintiff filed many grievances which were rejected and requested "ADA accommodation" which was denied. (ECF No. 1 at 3-5, 7.) He requested to see an outside specialist for the bullet in his hip "with no relief." (Id. at 5.) Dr. Nager was aware of plaintiff's "food sensitivities" (allergic to beans and potatoes) but the facility refuses to follow plaintiff's dietary restrictions. (Id. at 8.) When plaintiff was in custody at a different jail, he received his medications without any issues, was afforded an adjustable bed that helped with his sleep apnea, and his food allergies were followed correctly. (Id. at 8.)

Plaintiff alleges he was treated as if he were in administrative segregation and was in isolation for 23 hours per day at SCJC. (ECF No. 1 at 9.) Filing grievances made his issues worse due to staff retaliation. (Id. at 9-10.)

Defendants are Solano County, Wellpath (the jail's medical provider), Dr. Wong, and Dr. Nagar. (ECF No. 1 at 1-2.) Plaintiff appears to seek only injunctive relief on behalf of himself and other inmates at SCJC and does not explicitly request monetary damages. (See id. at 11.)

////

2

#### IV.    Discussion

Pre-trial detainees "are protected by the Fourteenth Amendment's Due Process Clause, as well as specific substantive guarantees of the federal Constitution, such as the First and Eighth Amendments." Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008). However, as a non-lawyer proceeding without counsel, plaintiff cannot represent the interests of a class or pursue the rights of other inmates through this suit. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966).

In addition, since filing his complaint with the request therein for injunctive relief, plaintiff has submitted a notice of change of address indicating he is no longer in custody at SCJC. Unless plaintiff has a reasonable expectation of being transferred back to SCJC, his claims seeking only injunctive relief are moot. See Preiser v. Newkirk, 422 U.S. 395, 402-403 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Petitioner's claims also do not meet pleading standards for the reasons set forth below.

#### A.  Inadequate Medical Care

Claims for violations of the right to adequate medical and mental health care brought by pretrial detainees against individual defendants under the Fourteenth Amendment are evaluated under an objective deliberate indifference standard. Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Objective deliberate indifference is "more than negligence but less than subjective intent—something akin to reckless disregard." Id. at 1125 (quoting Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)). Plaintiff may claim deliberate indifference under the Fourteenth Amendment by alleging: (i) defendant made an intentional decision with respect to the conditions of plaintiff's confinement; (ii) those conditions exposed plaintiff to a "substantial risk of serious harm"; (iii) defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved; and (iv) by not taking those measures, defendant caused plaintiff's injuries. Atayde v. Napa State Hosp., 255 F. Supp. 3d 978, 989 (E.D. Cal. 2017) (citing Castro, 833 F.3d at 1068-71).

////

Plaintiff fails to state an objective deliberate indifference claim against Dr. Wong or Dr. Nagar. The allegations against the individual doctors are either too conclusory to state a claim or amount to no more than a difference of medical opinion about the proper course of treatment for plaintiff, which cannot support a claim of deliberate indifference. See Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). In addition, to the extent plaintiff alleges a lack of physical therapy for five months and his dietary restrictions not being followed, the complaint does not adequately connect the alleged deprivations with specific actions or omissions of the individual doctor defendants. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

Plaintiff also fails to state a claim based on inadequate medical care against the County of Solano or Wellpath. For such claims brought under § 1983, a private entity acting under color of state law[1] and the County of Solano are both subject to Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978). See Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012). These defendants may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort. Id. at 691. Plaintiff does not allege facts showing the alleged deprivations occurred pursuant to a policy or custom of Wellpath or the County of Solano or that such a policy or custom reflected deliberate indifference. Thus, the facts the complaint fails to state a cognizable claim for relief against these defendants.

**B. Retaliation**

The complaint fails to state a retaliation claim because plaintiff merely concludes without necessary factual detail that unnamed staff retaliated because of plaintiff's grievances. Within the prison or jail context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3)

---

[1] Merely providing contracted services to a state entity does not mean that the private contractor is acting under color of state law. See Manhattan Cmty. Access Corp. v. Halleck, 587 U.S. 802, 814 (2019). Such a private entity acts under color of state law only if it is performing a traditional, exclusive public function. Id. For the purposes of this screening order, the court assumes defendant Wellpath acted under color of state law when providing medical services to plaintiff at SCJC.

4

that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, plaintiff's vague and conclusory allegations about retaliatory conduct by unspecified staff fail to state a claim. Even if plaintiff identified the defendants who allegedly retaliated, the allegations fail to set forth "a chronology of events from which retaliation can be inferred." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). In order to state a retaliation claim, a plaintiff must plead facts suggesting that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### C.   Americans With Disabilities Act

The complaint does not state any claim under the Americans with Disabilities Act ("ADA"). Assuming for purposes of this screening order that plaintiff is a qualified individual with a disability, he does not allege facts suggesting any defendant discriminated against him because of his disability. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002) ("To establish a violation of Title II of the ADA, a plaintiff must show that (1) [ ]he is a qualified individual with a disability; (2) [ ]he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability.").

### V.     Leave to Amend

The complaint fails to state a claim, but plaintiff is granted leave to amend. See Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See

5

Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). In the alternative, if plaintiff does not wish to pursue this case further or cannot fix the problems identified in this order, then plaintiff may file a notice of voluntary dismissal.

**VI.     Conclusion**

In accordance with the above, IT IS ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 7) is GRANTED.

2.  Plaintiff's complaint is dismissed with leave to amend.

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  April 10, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, weav2676.scrn

6