UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WEAVER,

Plaintiff,

v.

SOLANO COUNTY, et al.,

Defendants.

No. 2:25-cv-02676-DAD-CKD P

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING COMPLAINT WITHOUT PREJUDICE

(Doc. No. 6)

Plaintiff, a former county inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights action on September 17, 2025, seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On June 26, 2026, the magistrate judge issued findings and recommendations recommending that this action be dismissed without prejudice due to plaintiff's failure to prosecute and comply with court orders after plaintiff failed to respond in any way to the magistrate judge's April 13, 2026 order directing plaintiff to file an amended complaint within thirty (30) days. (Doc. No. 6.)

Those findings and recommendations were served on plaintiff at his updated address of record (Doc. No. 4) and contained notice that any objections thereto were to be filed within

fourteen (14) days. (*Id.* at 2.) Nonetheless, plaintiff has not filed objections to the findings and recommendations, or otherwise communicated with the court, and the time in which to do so has passed.[1]

The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

Accordingly:

1. The June 26, 2026 findings and recommendations (Doc. No. 6) are adopted in full;
2. This action is dismissed without prejudice due to plaintiff's failure to prosecute and failure to comply with court orders. *See* Local Rule 183(b); and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 5, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

[1] The court notes that although plaintiff was served with the findings and recommendations at his updated address of record, they were returned to the court by the U.S. Postal Service as "return to sender, attempted not known." It thus appears that plaintiff has also failed to keep the court apprised of his current address as required by the Local Rules of this court.